```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DANTE DANIELS,                                              :
                                                            :
                              Plaintiff,                    :    MEMORANDUM DECISION
                                                            :    AND ORDER
              - against -                                   :
                                                            :    20-cv-3004 (BMC)
AMAZON.COM LLC, et al.,                                     :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this automobile accident case, I issued an Order requiring plaintiff to show cause why the action should not be dismissed for lack of diversity jurisdiction because he had failed to properly allege the citizenship of three defendants, Amazon.com LLC, Amazon.com Services LLC, and Last Mile Delivered LLC, citing Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citing Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000)).  I issued the Order to Show Cause because a federal court has an obligation to examine its subject matter jurisdiction *sua sponte*.  See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (citing Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 328 (2d Cir. 2005))

Plaintiff has filed an amended complaint and a letter responding to the Order to Show Cause but they only repeat, and indeed worsen, the inadequate and conflicting allegations in the original complaint.  The letter, like the amended complaint, states that "the Amazon defendants are incorporated in Delaware and have their principal place of business in Seattle, Washington.  Defendant Last Mile Delivered LLC is incorporated in Florida and has it principal place of business in Palm Springs, Florida."  These allegations are inherently contradictory because the name of each of these defendants shows that it is a limited liability company, not a corporation.

It is self-evident that limited liability companies are not incorporated anywhere. Only corporations are incorporated. And even if you could apply the term "incorporated" to an unincorporated association, it would say nothing about the citizenship of the unincorporated association for diversity purposes.

I cited plaintiff's attorney to <u>Bayerische</u> because that case and many others hold that the citizenship of a limited liability company is neither where the company is organized (not "incorporated"), nor where it has its principal place of business. Rather, the citizenship of a limited liability company consists of the imputed citizenship of every one of its members. Since limited liability companies may themselves be owned by other entities (such as limited partnerships, other limited liability companies, corporations, or individuals), a party alleging the citizenship of a limited liability company must be able to trace the lineage of each of its members through each level of ownership. This means that the citizenship of all corporate, non-corporate business entity, and individual owners with a direct or indirect interest in the limited liability company must be identified and their citizenship alleged. <u>See</u> <u>United Food & Commercial Workers Union v. Ctr. Mark Props. Meriden Square, Inc.</u>, 30 F. 3d 298, 302 (2d Cir. 1994); <u>see also</u> <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 195-96 (1990); <u>Avant Capital Partners, LLC v. W108 Dev. LLC</u>, No. 16 CIV. 3359, 2016 WL 3660756, at *2 (S.D.N.Y. June 30, 2016) ("[I]f either of the LLC-parties have members which are LLC's, the citizenship of the members of those LLC's must also be given, and must be diverse.").

This basic rule of federal jurisdiction means that in the case of a limited liability company or limited or general partnership, a plaintiff may not know, and may not be able to ascertain, its citizenship for diversity purposes, the result being that such entities may not be amenable to

diversity actions.  That is exactly what Congress intended when it created special citizenship rules for corporations but no other kind of unincorporated association.  See 28 U.S.C. § 1332(c).

Almost 200 years ago, the Supreme Court made clear that if a litigant cannot find a definitive basis for alleging the citizenship of each defendant, then the case belongs in state court.  As Chief Justice Marshall stated, "the averment of jurisdiction shall be positive – that the declaration shall state expressly the fact upon which jurisdiction depends.  It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averments."  Brown v. Keene, 33 U.S. 112, 114 (1834).  More recently, as the Seventh Circuit held in Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692-93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. . . . Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one.  That confesses a violation of Fed. R. Civ. P. 11. . . . [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

The New York state courts are perfectly capable of resolving automobile accident cases like this under New York state law, and plaintiff has failed to invoke any basis for coming within the narrow federal grant of diversity jurisdiction to have the action heard here, despite having been given an extra opportunity to do so.[1]  The case is dismissed *sua sponte* for lack of subject matter jurisdiction.

**SO ORDERED.**

                                                                                          _____
                                                                                                            U.S.D.J.

Dated: Brooklyn, New York
           July 8, 2020

---

[1] The amended complaint is also deficient in alleging the citizenship of the individual parties as their "residence." The test is domicile, not residence.  See Bey v. Jones, No. 19-cv-2577, 2019 WL 2028703, at *3 (E.D.N.Y. May 8, 2019).

3